UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:06-cr-098 RLH-(RJJ) |
| vs. | REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| | (Defendant's Motion to Suppress #20) |
| LEMAR GANT | |
| Defendant. | |

This matter was submitted to the undersigned Magistrate Judge on Defendant Lemar Gant's Motion to Suppress (#20). The Court has considered the Defendant's Motion to Suppress (#20), the Government's Response (#21), and the Reply to the Government's Response (#23), in addition to the testimony and evidence presented at the evidentiary hearing.

**BACKGROUND**

On November 30, 2005, Lemar Gant was arrested at 4363 Rimcrest Road, Las Vegas, Nevada. The defendant asserts that he was arrested as he was exiting the garage of the residence at 4363 Rimcrest. The defendant argues that since he was seized prior to entering the blue Ford F-150, which was lawfully parked in the driveway of the residence, the search of the vehicle was unreasonable under the Fourth Amendment. The United States contends that the defendant was arrested after he entered the driver's side of the blue Ford F-150, but before he started the ignition. The Government also argues that the defendant was placed under arrest for possession of a stolen vehicle, and that the search of the vehicle was incident to an arrest. The Government also asserts that the officers conducted an inventory search of the vehicle pursuant to policy procedures prior to returning the vehicle to its rightful owner. The Government contends that the record owner of the Ford F-150 was Terri Foster and that she reported the vehicle stolen on November 29, 2006. The defendant contends that he and Terri Foster had an

1 arrangement whereby they were sharing the vehicle until she repaid him the money for getting the
2 vehicle out of impound.

## DISCUSSION

**I.  SEARCH OF VEHICLE**

**A.  Standing**

**Reasonable Expectation of Privacy**

The United States argues that the rightful owner of the vehicle was Terri Foster, not the defendant, and that since the defendant was not the lawful owner of the vehicle he did not have a reasonable expectation of privacy in the Ford F-150.  The defendant, on the other hand, argues that he did have a reasonable expectation of privacy in the vehicle because he had a lawful verbal contract with Terri Foster to use the vehicle.

"To invoke the Fourth Amendment protections, a person must show that he had a legitimate expectation of privacy.  A person demonstrates a legitimate expectation of privacy when that person has a (1) subjective expectation of privacy, and (2) an objectively reasonable expectation of privacy."  United States v. Shryock, 342 F.3d 948, 978 (9th Cir. 2003) (citing Smith v. Maryland, 442 U.S. 735, 740 (1979).  The Ninth Circuit has "held that the owner of an automobile has a legitimate expectation of privacy in the car, and therefore he has standing to object to an unconstitutional search.  In contrast, 'a person does not possess a reasonable expectation of privacy in an item in which he has no possessory or ownership interest'"  U.S. v. Thomas, 447 F.3d 1191, 1197 (9th Cir. 2006) (quoting U.S. v. Cormier, 220 F.3d 1103, 1108 (9th Cir. 2000) (internal citations omitted).  In the present case, the defendant was not the owner of the Ford F-150.  Therefore, it is necessary to determine whether the defendant had a possessory interest in the Ford F-150.  "[A] defendant who lacks an ownership interest may still have standing to challenge a search, upon a showing of 'joint control' or 'common authority' over the property searched."  U.S. v. Thomas, 447 F.3d at 1198.  In U.S. v. Portillo, 633 F.2d 1313, 1317 (9th Cir. 1980), the Ninth Circuit recognized that a defendant has a legitimate expectation of privacy to challenge the search of an automobile in which the defendant "had both permission to use his friend's automobile and the keys to the ignition[.]"  "Common authority rests 'on mutual use of the property by persons generally having joint access or control for most purposes."  U.S. v. Thomas, 447 F.3d 1191, 1198 (9th

1  Cir. 2006) (quoting <u>Illinois v. Rodriquez</u>, 497 U.S. 177, 181 (1990).

2  "[T]he controlling burden of proof at suppression hearings should impose no greater burden than
3  proof by a preponderance of the evidence." <u>U.S. v. Matlock</u>, 415 U.S. 164, 178 (1974). It is the
4  defendant who has the burden of proving a legitimate expectation of privacy. <u>U.S. v. Caymen</u>, 404 F.3d
5  1196, 1199 (9th Cir. 2004); <u>Rawlings v. Ky.</u>, 448 U.S. 98, 104 (1980). In this case, the defendant
6  contends that he obtained Terri Foster's permission to posses and use the Ford F-150. The defendant
7  asserts that he and Terri Foster had joint control over the Ford F-150. However, the evidence shows that
8  it was reported to the police that the defendant took the Ford F-150 from Terri Foster without her
9  permission. If the defendant had obtained permission to drive the Ford F-150 he would have had an
10 actual and objective expectation of privacy (one that society is prepared to accept as reasonable). On
11 the other hand, since the evidence is to the contrary, the defendant did not have a reasonable expectation
12 of privacy. Although he may have possessed a subjective expectation of privacy, this expectation is not
13 one that society is prepared to recognize. A thief should not be afforded an expectation of privacy in the
14 car that he has stolen. See <u>Rakas v. Illinois</u>, 439 U.S. at 141 n.9; see also <u>U.S. v. Cunag</u>, 386 F.3d 888,
15 894 (9th Cir. 2004) (stating that "the Ninth Circuit mistakenly held that the driver of a stolen car enjoyed
16 the protection of the Fourth Amendment in a search of the car.").

17 Although the defendant was never convicted of Grand Larceny Auto, he has "not carried his
18 burden of proof to establish an 'acceptable' expectation of privacy in the [Ford F-150]." <u>Caymen</u>, 404
19 F.3d at 1200. The defendant's testimony that he had an agreement with Terri Foster is unpersuasive to
20 this Court. A LVMPD officer testified that Terri Foster reported her vehicle stolen. Incident Report,
21 Government's Exhibit 9. Clearly, the defendant did not have permission to drive Ms. Foster's vehicle
22 on November 30, 2006. Even if Ms. Foster initially gave the defendant permission to drive the vehicle,
23 because he paid to release the vehicle from impound, the evidence shows that Ms. Foster revoked her
24 consent to allow the defendant to possess her vehicle. The Ninth Circuit has stated that there is no
25 reason to distinguish property stolen by fraud, robbery, or trespass. <u>Caymen</u>, 404 F.3d at 1201. Here,
26 even if the defendant did not commit Grand Larceny, his possession of the vehicle exceeded any
27 authority that may have been granted to him. Further, it is clear that Ms. Foster took affirmative steps
28 to repossess her vehicle from the defendant. "Whatever expectation of privacy [the defendant] might

assert is not a legitimate expectation that society is prepared to honor." Caymen, 404 F.3d at 1201. Therefore, since the defendant did not have a legitimate expectation of privacy in Ms. Foster's vehicle, he has no standing to challenge the search of the vehicle.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion to Suppress (#20) be DENIED.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before January 25, 2007**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of January, 2007.

ROBERT J. JOHNSTON
United States Magistrate Judge